UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>(1) HAOYANG YU, )<br>    a/k/a JACK YU, )<br>    a/k/a HARRY YU, )<br>    a/k/a JACK TRICON, and )<br>)<br>(2) TRICON MMIC, LLC, )<br>)<br>    Defendants )<br>) | Criminal No. 19-cr-10195-WGY |

## PROTECTIVE ORDER

Upon consideration of the Government's Assented-To Motion for a Protective Order relating to certain sensitive documents and information to be disclosed to the defendants in discovery in this case (hereinafter referred to as the "Confidential Discovery Materials"), the Court finds as follows:

1. The government has a reasonable and legitimate purpose in limiting the dissemination of the Confidential Discovery Materials in this case in order to protect materials alleged to be confidential trade secrets belonging to Analog Devices, Inc. ("ADI"), the security measures taken by ADI to safeguard those secrets, or other confidential ADI business records.

2. This Protective Order is designed to limit dissemination of the Confidential Discovery Materials to any persons not a party to, or related to this case, but ensure the defendants can engage in reasonable and effective investigative efforts and trial preparation.

Accordingly, pursuant to Title 18, United States Code, Section 1835, Federal Rule of Criminal Procedure 16(d)(1), and Local Rule 116.6, the Court hereby grants the Government's Assented-To Motion for a Protective Order and **ORDERS** the following:

1. The United States shall designate which documents in its discovery productions are to be classified as Confidential Discovery Materials because they contain allegedly confidential trade secrets of ADI, security measures taken by ADI to safeguard those secrets, or other confidential business records.

2. In the event the defendants contend that any document or information should not be designated as Confidential Discovery Materials, defense counsel shall notify the United States in writing of the document or information and state the reasons why the document or information should not be designated as such. If the parties are unable to reach agreement, defense counsel may file a motion for relief from this Order as to the document or information at issue.

3. All Confidential Discovery Materials provided by the United States in this case are subject to this Protective Order and may be used by the defendants and their counsel solely in connection with the defense of this case (including any superseding indictment), including investigation, trial preparation, trial, and appeal, and not for any commercial or other purpose.

4. The defendants and their counsel shall not disclose or disseminate any Confidential Discovery Materials to anyone except those necessary to assist counsel in legitimate investigation and preparation of this case, including (1) members of the defense team (attorneys, co-counsel, paralegals, legal interns, investigators, translators, litigation support personnel or litigation support vendors, the defendants, and administrative staff) and (2) experts engaged (with or without remuneration) to assist in the preparation of the defense (collectively, "authorized persons").

5.  Defense counsel may use and disclose the Confidential Discovery Materials with the defendants but the defendants shall not be allowed to retain copies of these Confidential Discovery Materials. All Confidential Discovery Materials shall be maintained by authorized persons in a secure place and manner such that only authorized persons have access to them.

6.  The defense may show the Confidential Discovery Materials to potential witnesses and/or their counsel but witnesses and/or counsel shall not be allowed to retain copies of these Confidential Discovery Materials without first obtaining permission of the Court.

7.  Prior to disclosing Confidential Discovery Materials to authorized persons, witnesses and/or their counsel, defense counsel shall make the person to whom they wish to disclose the Confidential Discovery Materials aware of this Order and provide them with a copy of it. In addition, prior to making any such disclosure of Confidential Discovery Materials, defense counsel shall ensure that the person to whom the disclosure is to be made agrees to abide by the terms of this Protective Order and signs a copy of this Protective Order. Defense counsel shall maintain a list of authorized persons, witnesses and/or their counsel to whom disclosure of the Confidential Discovery Materials is made, and copies of this Protective Order signed by them.

8.  No one who is provided access to the Confidential Discovery Materials, including the authorized persons, shall make or participate in making of any extrajudicial disclosure of any Confidential Discovery Materials for dissemination by means of public communication, unless such Confidential Discovery Materials are (or become) part of the public record, including but not limited to, trial transcripts, documents that have been received into evidence, or documents that are otherwise properly placed in the public domain.

9.  ~~Any~~ filings with the Court by the defendants which: (1) quote directly from the Confidential Discovery Materials, (2) summarize the Confidential Discovery Materials, or (3)

include copies of the Confidential Discovery Materials as attachments shall be filed provisionally under seal, unless the Government agrees to the public filing of such information, or the Court rules that it may be filed on the public docket. Nothing in this agreement shall impair the defendants' right to use any Confidential Discovery Materials at any pre-trial hearing or at trial.

10. Upon the termination of these proceedings (which extends to any appeal or collateral attack and any appeal therefrom continuing until the denial of any petition for the *writ of certiorari* by the United States Supreme Court, or the passage of time within which such a petition must be filed), all Confidential Discovery Materials provided by the government shall be returned to the United States Attorney's Office, or be destroyed. If destroyed, defense counsel shall verify in writing to the government that such materials have been destroyed. Defense counsel shall also destroy any derivative contents of the Confidential Discovery Materials (i.e., transcriptions of recordings or translations of documents), other than attorney work product.

11. This Protective Order is issued without prejudice to amendment either by this Court or the district court after giving the parties notice and an opportunity to be heard.

SO ORDERED, *as modified* this /0 day of July, 2019.

William A. Young
~~THE HONORABLE JUDITH G. DEIN~~
~~UNITED STATES CHIEF MAGISTRATE JUDGE~~

Nothing shall be filed in Court pursuant to the terms of this order and it shall not be cited as a grounds for sealing.

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

  I hereby acknowledge that I have read the Protective Order entered in <u>United States v. Haoyang Yu</u>, No. 19-cr-10195-WGY, and/or that I have had the terms of the Protective Order explained to me. I agree that the Order applies to me and that I am bound by, and will comply with, its terms.

_____
NAME

_____
DATE