IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

HAOYANG YU, *et al.*

No. 19-cr-10195-WGY

**MOTION IN LIMINE TO EXCLUDE EVIDENCE
RE *EX POST FACTO* LICENSE "DETERMINATIONS" BY BIS**

Pursuant to Fed. R. Evid. 401 and 403, the *Ex Post Facto* Clause of the Constitution, U.S. Const., Art 1, § 10, and the Confrontation Clause, U.S. Const., amend VI, Defendants Haoyang Yu and Tricon MMIC, LLC respectfully request that the Court exclude any evidence at trial that, *after the charged exports*, and at the request of the prosecution, the Department of Commerce's Bureau of Industry and Security ("BIS") made two "determinations" that the computer design files that Mr. Yu and Tricon allegedly sent to a semiconductor foundry in Taiwan were controlled "technology" under the Export Administration Regulations, 15 C.F.R. Part 730 *et seq.*, and thus, required licenses for export to Taiwan. Those *ex post facto* administrative decisions are irrelevant, *see* Fed. R. Evid. 401, and their probative value (if any) is substantially outweighed by the risk of unfair prejudice, *see* Fed. R. Evid. 403. Indeed, the First Circuit rejected almost identical evidence in *United States v. Zhen Zhou Wu*, 711 F.3d 1 (1st Cir. 2013) (reversing convictions for unlawful exports).

Counts 15 and 16 of the Second Superseding Indictment charge that, on July 23, 2018, Mr. Yu and Tricon unlawfully exported controlled "technology" to Taiwan without an alleged required license. Specifically, they are accused of sending Graphic Design System II ("GDS" or "GDS II") files to WIN Semiconductors, a foundry in Taiwan, for the manufacture of two monolithic

1

microwave integrated circuits ("MMICs"), TM5051 and TM5052. The prosecution will contend that TM5051 and TM5052 were controlled items under ECCN 3A001.b.2 of the Commodity Control List, and therefore, the computer design files used to fabricate those chips were also controlled "technology" under ECCN 3E001.

To make that latter point, the prosecution will attempt to offer evidence that, on August 24, 2020, *more than two years after the charged exports*, BIS produced two conclusory license "determinations." The first, E1065156, stated without explanation that at the time of the charged exports, "the GDS II data for the production of the TM-5051 MMIC amplifier was subject to the Export Administration Regulations (EAR) (15 C.F.R. Part 730 *et seq.*) . . . and was classified under Export Control Number (ECCN) 3E001 controlled for National Security (NS1) and Anti-Terrorism (AT1) reasons." *See* Ex. A. The second, E1065157, made the same conclusory assertion about the "the GDS II data" associated with TM5052. *See* Ex. B.

It is for the jury, not BIS, to decide whether Mr. Yu or Tricon exported controlled technology without a license in willful violation of any applicable export controls. Proof beyond a reasonable doubt that the GDS files constituted controlled "technology" is an element of the charged export offenses, and it requires more than the after-the-fact say-so of BIS. In *Zhen Zhou Wu*, the First Circuit explained, "the government may not decide for itself that some prior act by a criminal defendant violated the law, and thereby remove that determination from the province of the jury." 711 F.3d at 17.

> An *ex post* determination [by BIS] does not substitute for a finding from the trier of fact that *at the time of the alleged exports* – based on *then-existing regulations* – the charged parts fell within the relevant CCL category.

*Id.* at 23 (emphasis in original); *see also id.* at 20 (holding whether item was "controlled" by export regulations at time of charged offenses "was a question for the jury – not a question that could be

decided *ex post* by the [government] as a matter of law"). Not only are the BIS's determinations irrelevant, *see* Fed. R. Evid. 401, but they risk confusing the jury and unfairly prejudicing its independent consideration of the evidence at trial, *see* Fed. R. Evid. 403.

In addition, the one-page, *ex post facto* license determinations here do not disclose what, if anything, BIS may have reviewed or how it reached its classification decisions. Nor has the prosecution made any such disclosure, despite Mr. Yu's and Tricon's requests. *See* Ex. C (W. Fick letter (Nov. 8, 2021)). The determinations also omit the critical fact that, after obtaining the original indictment against Mr. Yu and Tricon and realizing that the initial "smuggling" charges against Mr. Yu and Tricon were not legally sustainable, the prosecution requested the determinations at issue from BIS. In effect, when its original theory collapsed, the DOJ asked BIS to manufacture evidence in support of a new theory.

Finally, the prosecution has informed defense counsel that the BIS employee who is identified as the "author" of the relevant license determinations, Robert Juste, will not testify as a prosecution witness at trial. Rather, another BIS official, Carlos Monroy, who did *not* make the relevant determinations, will apparently be called to testify. According to the prosecution, Monroy "will likely testify about the evaluations of and license determinations for technology required for the development of Tricon part numbers TM5051 and TM5052, as described in the Second Superseding Indictment Paragraphs 28 and 29 ("the controlled technologies"). *See* Ex. D (A. Beck Letter (Dec. 6, 2021)). The Confrontation Clause expressly forbids the prosecution from presenting such surrogate testimony, *i.e.*, from calling Monroy to testify about the substantive analysis that Juste made concerning the charged exports in this case. *See* U.S. Const., amend VI; *Bullcoming v. New Mexico*, 564 U.S. 647 (2011); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).

For the foregoing reasons, Defendants Haoyang Yu and Tricon MMIC, LLC respectfully

request that the Court exclude any evidence at trial of the BIS's *ex post* license determinations concerning TM5051 and TM5052 or the "technology" associated with those MMICs.

        Respectfully submitted,

        **HAOYANG YU and**
        **TRICON MMIC, LLC**

        by their attorneys,

        */s/ Daniel N. Marx*
        William W. Fick (BBO #650562)
        Daniel N. Marx (BBO #674523)
        Amy Barsky (BBO #601111)
        FICK & MARX LLP
        24 Federal Street, 4th Floor
        Boston, MA 02110
        (857) 321-8360
        *wfick@fickmarx.com*
        *dmarx@fickmarx.com*
        *abarsky@fickmarx.com*

Dated: December 14, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 14, 2021.

        */s/ Daniel N. Marx*